UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS GONZALES,<br><br>    Petitioner,<br><br>  v.<br><br>D. K. SISTO, warden,<br><br>    Respondent.<br>_____/ | No. C 08-4601 MHP (pr)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Jesus Gonzales, a prisoner currently in custody at the California State Prison - Solano, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the court for consideration is respondent's motion to dismiss the petition as untimely and petitioner's opposition thereto. The court finds that the petition was not timely filed and dismisses it.

## BACKGROUND

Gonzales was convicted in Santa Clara County Superior Court in 1988 of first degree murder and burglary, and was sentenced to 25 years to life in prison. His conviction was affirmed by the California Court of Appeal on June 28, 1989. He did not file a petition for review in the California Supreme Court.

Gonzales filed several state habeas petitions. His first petition in the California Supreme Court was filed on October 30, 1989, and denied on November 22, 1989. His second petition in the California Supreme Court was filed on October 31, 1989, and denied on November 22, 1989. His third petition in the California Supreme Court was filed on

January 31, 1992, and denied on March 25, 1992. His fourth petition in the California Supreme Court was filed on August 10, 1995, and denied on October 25, 1995. He then switched courts. His petition for writ of mandate in the California Court of Appeal was filed on May 21, 2001, and denied on July 11, 2001. His first habeas petition in the California Court of Appeal was filed on November 10, 2005, and denied November 21, 2005. His second habeas petition in the California Court of Appeal was filed on March 1, 2007, and denied on March 20, 2007. He then returned to the California Supreme Court, where his fifth habeas petition in that court was filed on March 26, 2008, and denied on August 20, 2008.

Gonzales' federal petition was stamped "filed" on October 3, 2008. The petition has a signature date of September 26, 2008, and came to the court in an envelope post-marked September 29, 2008. For purposes of the present motion, the court assumes that Gonzales put the petition in the prison mail the day he signed it and uses that as the filing date under the prisoner mailbox rule. See generally Houston v. Lack, 487 U.S. 266, 276 (1988).

## DISCUSSION

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). For cases in which the convictions became final before the April 24, 1996 enactment of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the petitioners had a one-year grace period so that their petitions were due by April 24, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1245-46 (9th Cir.), cert. denied, 534 U.S. 978 (2001).

Gonzales's one-year limitations period began on April 24, 1996 because his conviction became final in 1989, many years before the AEDPA was enacted.  The presumptive deadline for Gonzales to file his federal petition therefore was April 24, 1997.  He missed that deadline by more than ten years, so unless he is entitled to significant tolling, his petition was very untimely.

The one-year limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2). A petitioner does not receive statutory tolling for the period between the end of one round of state habeas petitions and the beginning of the next round of state habeas petitions.  See Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003).  The court need not decide whether Gonzales' habeas petitions filed in state court before his one-year limitations period began on April 24, 1996 were tolling events, because even if they did, they would not help Gonzales.  This is because Gonzales' pre-AEDPA activity was all in the California Supreme Court, and each would be considered a separate round of state habeas activity.  After the fourth habeas petition in the California Supreme Court was denied in October 1995, Gonzales' next filing was in the California Court of Appeal in 2001.  There was no tolling from 1995 through 2001 because Gonzales waited too long and was not moving to a higher level court.  The 2001 filing commenced a new round of collateral review.  By the time the 2001 action was filed, the April 24, 1997 deadline had already long passed.  Gonzales receives no statutory tolling for the state petitions filed in 2001 and later.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

The limitations period also may be equitably tolled when the petitioner has been pursuing his rights diligently and extraordinary circumstances prevented him from timely filing the petition.  See Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).  Gonzales does not show that he is entitled to equitable tolling.  In opposition to the motion to dismiss, he contends only that he has a constitutional right to have his claims heard.  That contention

does not establish any reason for equitable tolling.

The limitations period expired on April 24, 1997. Gonzales' federal petition filed in September 2008, was about twenty years after he was convicted and more than ten years after the deadline for filing his federal habeas petition to challenge that conviction. His petition must be dismissed as time-barred.

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 5.) The petition is dismissed because it was not timely filed. The clerk shall close the file.

IT IS SO ORDERED.

DATED: April 10, 2009

Marilyn Hall Patel
United States District Judge

4